IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                 CRIMINAL ACTION NO. 2:22-cr-141-01

PAUL THOMASSON

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to Standing Order entered October 31, 2023, the Court instituted review of sentence in this matter upon its own motion. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See

Amendment 825 to USSG § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous order entered on February 7, 2024, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, the addendum to the PSR from the Probation Office, and the materials submitted by the parties. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States argues that Mr. Thomasson is ineligible for a reduction for two reasons. *See* [ECF No. 77]. First, the United States contends that Mr. Thomasson does not meet the criteria for Zero-Point Offenders set forth in U.S.S.G. § 4C1.1(a). *See id.* Second, the United States argues that, even if the Court found Mr. Thomasson eligible for relief as a Zero-Point offender, he is ineligible for a sentence reduction because the sentence previously imposed was below what would be the bottom of the amended guideline range. *See id.* In his written and filed response, Mr. Thomasson concedes that he is ineligible for a reduction. *See* [ECF No. 78].

On May 17, 2023, Mr. Thomasson was sentenced to 60 months of imprisonment, followed by three years of supervised release, on Counts One and Two,

to be served concurrently. [ECF No. 68]. His total offense level was 29. *See* [ECF No. 67, ¶ 35]. At the time of his sentencing, Mr. Thomasson had zero criminal history points, which established a Criminal History Category of I. *Id.* ¶¶ 48–49. Based on a total offense level of 29 and a Criminal History Category of I, Mr. Thomasson's guideline range was 87 to 108 months.

I need not reach the question of whether Mr. Thomasson is eligible for a two-level reduction in his offense level as a Zero-Point Offender. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), he is ineligible for a sentence reduction even if he satisfied the criteria set forth in § 4C1.1(a). Section 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the amended guideline." If I found Mr. Thomasson eligible for relief as a Zero-Point Offender, his amended guideline range would be 70 to 87 months. Mr. Thomasson was sentenced to 60 months imprisonment. Because he has already received a sentence less than the amended guideline range of 70 to 87 months, he is not eligible for a further reduction.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on May 17, 2023, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: March 5, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE